IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

**LITTLEBEAR VILLEGAS**                                  **PLAINTIFF**

vs.                      No. 7:19-cv-190

**MALLARD COMPLETIONS, LLC**                       **DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Littlebear Villegas, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint against Defendant Mallard Completions, LLC, and in support thereof he does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is an action for unpaid wages.

2. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3. Plaintiff was misclassified by Defendant as salary/exempt at all times relevant to this lawsuit.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. The acts complained of herein were committed and had their principal effect within the Midland/Odessa Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

6. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

7. The witnesses to overtime violations alleged in this Complaint reside in this District.

8. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

9. Venue is proper in this District. *See* 28 U.S.C. §§ 1391 (b) & (c).

## III. THE PARTIES

10. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Plaintiff Littlebear Villegas is a resident and citizen of Ector County. He was employed by Defendant as a Mechanic from approximately April of 2018 until April of 2019.

12. Within the relevant time period, Plaintiff was classified by Defendant as exempt from overtime wages and paid a salary and sometimes bonuses.

13. At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq*.

14. Defendant Mallard Completions, LLC, is a Delaware limited liability company, created and existing under and by virtue of the laws of the State of Delaware.

15. Mallard's principal place of business is located at 800 Gessner Road, Suite 1000, Houston, Texas 77024-4257.

16. Mallard's registered agent for service of process is CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

17. Defendant Mallard Completions, LLC, is an "employer" within the meaning set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

18. Defendant Mallard Completions, LLC, has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

19. Defendant Mallard Completions, LLC's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

20. Defendant Mallard Completions, LLC, is a foreign limited liability company created and existing under and by virtue of the laws of the State of Delaware, registered to do business in the State of Texas, providing products and services in the oil and gas industry throughout the United States.

## IV. FACTUAL ALLEGATIONS

21. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

22. Within the time period relevant to this case, Plaintiff worked for Defendant as a Mechanic.

23. As a mechanic, Plaintiff worked both in the shop and in the field doing maintenance on oil rigging equipment and repairing wireline trucks, electronics, pneumatics and hydrolics.

24. Within the time period relevant to this case, Plaintiff worked in excess of forty (40) hours per week throughout his tenure with Defendant.

25. On average, Plaintiff worked more than seventy to eighty hours per week. He did not receive any overtime compensation.

26. Within the time period relevant to this case, Plaintiff was misclassified as exempt and paid a salary.

27. Within the time period relevant to this case, Plaintiff was also paid some non-discretionary bonuses on a regular basis for days on which he worked at a well site assisting in the operation and maintenance of machines.

28. Plaintiff never agreed that his salary would be sufficient to cover all hours worked.

29. Upon commencement of work at Defendant, Plaintiff did not sign any contract of employment setting forth their hours or wages. His annual compensation was not less than $455.00 per week nor more than $134,004 per year.

30. In performing services for Defendant, Plaintiff was not required to utilize any professional education relevant to their job duties.

31. Plaintiff was a classic blue-collar worker, spending physical, demanding, long shifts working on and with machinery, and not in an office.

32. During the course of his employment, Plaintiff did not manage the enterprise or a customarily recognized subdivision of the enterprise.

33. Plaintiff did not select any employees for hire nor did they provide any training for any employee.

34. Plaintiff had no ability to hire and fire any employee.

35. Plaintiff did not have any control of or authority over any employee's rate of pay or working hours.

36. Plaintiff did not maintain or prepare production reports or sales records for use in supervision or control of the business.

37. Plaintiff did not have any responsibility for planning or controlling budgets.

38. Defendant did not pay Plaintiff one and one-half times his regular rate of pay for all hours worked over forty per week.

39. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff violated the FLSA.

40. Plaintiff routinely used hard hats, drilling equipment, lubricators, blow-out preventers, wrenches, and other tools, in performing his job duties. Thus the Plaintiff used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

## V.  CLAIM FOR RELIEF—VIOLATION OF FLSA

41. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

42. 29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C. § 207 (LEXIS 2013).

43. Defendant intentionally misclassified Plaintiff as exempt from overtime.

44. Defendant deprived Plaintiff of overtime compensation for all of the hours over forty (40) per week in violation of the FLSA.

45. Defendant's conduct and practice, as described above, is and has been at all times relevant hereto, willful, intentional, unreasonable, arbitrary and in bad faith.

46. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint.

47. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Littlebear Villegas, respectfully prays for relief and damages as follows:

(a) That Defendant be summoned to appear and answer herein;

(b) That Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to him;

(c) A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(d) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(e) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

(f) An order directing Defendant to pay Plaintiff prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(g) Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF LITTLEBEAR VILLEGAS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By: */s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com